UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BANKERS INSURANCE COMPANY,** | | |
| **PLAINTIFF** | * | NO. |
| **VERSUS** | * | |
| | * | JUDGE: |
| **METROPOLITAN GASTROENTEROLGY** | * | |
| **ASSOCIATES, INC., KELLI McDERMOTT,** | * | MAG: |
| **AND FAITH RIGGINS** | * | |
| **DEFENDANTS** | * | |

-----------------------------------------------------------------------------------------------------------------

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Bankers Insurance Company, a foreign insurance corporation incorporated in Florida, whose principal place of business is located in the state of Florida, and which represents the following:

1.

This court has jurisdiction of these claims under 28 U.S.C. 2201, the Declaratory Judgment Act, as arising in a case within its jurisdiction. There is also complete diversity under 28 U.S.C. 1332, and an amount in controversy exceeding $75,000.00.

2.

Made defendants in this complaint for declaratory judgment are:

a. **METROPOLITAN GASTROENTEROLGY ASSOCIATES, INC.,** a Louisiana corporation with a principal place of business located at 1111 Medical Center Blvd., Marrero, Louisiana.

b. **KELLI McDERMOTT,** a person of the age of majority and domiciled in the state of Louisiana.

c. **FAITH RIGGINS,** a person of the age of majority and domiciled in the state of Louisiana.

3.

Jurisdiction and venue are appropriate in this court, as plaintiff and defendants are of diverse citizenship, and defendants reside within this district. The claims made in the underlying lawsuit allege an assault and battery, and permanent injuries, both physical and psychological, loss of earnings and permanent future disability.

4.

Kelli McDermott is alleged to have committed an assault and battery upon the person of Faith Riggins, while both were acting within the course and scope of employment at Metropolitan Gastroenterology Associates, Inc. As a result of this alleged attack, Faith Riggins has filed a lawsuit entitled:

*"Faith Riggins versus Metropolitan Gastroenterology Assoc., Inc. and Kelli McDermott,"* Civil Action Number 814-369 "B," pending in the 24th Judicial District Court, Parish of Jefferson (hereinafter "the petition").

The petition alleges that the attack was intentional.

The petition alleges at paragraph III that both Faith Riggins and Kelli McDermott were acting within the course and scope of their employment at Metropolitan Gastroenterology.

The alleged acts of negligence, outlined in paragraph IV of the petition are:

a). Battery;

b) Negligence per se;

c) Strict liability;

d) Negligent hiring and training;

e) Hostile work environment.

5.

Plaintiff issued a policy of business liability insurance to defendant Metropolitan Gastroenterology Associates, Inc., a copy of which is attached hereto as Exhibit "A."

6.

That the attached Bankers Insurance Company policy (hereinafter "the Policy") includes an insuring agreement, which contains the following:

> **SECTION II– Liability** is amended as follows:
>
> **1. Paragraph A.1.a. Business Liability Coverages is replaced by the following:**
>
> **1. Business Liability**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury" if all of the allegations of the "suit" are explicitly excluded by this insurance. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Paragraph D – Liability and Medical Expenses Limits of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or medical expenses. However, using up the Medical Expense Limit does not end our right and duty to defend.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** - Supplementary Payments**.**

Exhibit "A", Policy.

7.

That the attached Bankers Insurance Company Policy provides coverage for "occurrences" or accidents, not intentional or expected acts. Coverage under the Policy is triggered by an "occurrence."

"Occurrence" is defined in the Bankers Policy as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, and:
>
> A. "Bodily injury," or
>
> B. "Property damage."

The claims made in the underlying lawsuit filed by Ms. Riggins do not allege an "occurrence" or accident.

8.

The attached Bankers Insurance Company Policy does not provide coverage for expected or intended injury.

The policy excludes:

> **a. Expected or intended injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

9.

The attached Bankers Insurance Company Policy does not provide coverage for an assault and battery.

The Policy states:

**ASSAULT, BATTERY AND SEXUAL ABUSE EXCLUSION**

This endorsement modifies insurance provided under the following:

*     *     *

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury", medical payments or any other damages directly or indirectly because of, arising out of, related to or in any other way connected to actual, threatened or attempted:

    a. Physical abuse, physical assault, physical battery, physical molestation, habitual neglect; or

    b. sexual abuse, sexual assault, sexual battery, sexual molestation; or

    c. licentious, amoral, immoral or similar behavior;

That was committed or alleged to have been committed by the insured, their employees, any person acting on behalf of the insured, customers, patrons, guests or any other person on the insured's premises.

This exclusion applies to all causes of action arising out of any of the acts enumerated above, including but not limited to:

    a. allegations of negligent hiring, placement or training of employees;

    b. improper or nonexistent supervision of employees, patrons or guests;

    c. negligence in failing to protect customers, patrons or guests.

    d. error or omissions relating to any of the above mentioned acts.

In addition, this exclusion applies regardless of whether the acts enumerated above were committed intentionally, negligently, inadvertently, or with the belief, erroneous or otherwise, that the other party consented and had the legal and mental capacity to consent thereto.

This exclusion applies regardless of whether or not the insured, their employees, any person acting on behalf of the insured, customers, patrons or guests, are actually charged with or convicted of a crime.

10.

The attached Bankers Insurance Company Policy excludes Employer's Liability from coverage under the Policy. The Policy excludes employer's liability as follows:

E. Employer's liability

"Bodily injury" to:

1. An employee of the insured arising out of and in this course of:

a. employment by the insured; or

b. performing duties related to the conduct of the insured's business; or

2. The spouse, child, parent, brother or sister that employee as a consequence of paragraph one above.

This exclusion applies:

1. whether the insured may be liable as an employer or in any other capacity; and

2. to any obligation share damages with or pay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an insured contract.

11.

The Bankers Policy also contains a more specific employment-related practices exclusion which provides:

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

The following exclusion is added to paragraph B exclusions in Section II – Liability:

This insurance does not apply to:

1. "Bodily injury" or "personal and advertising injury" to:

A.  A person arising out of any:

1. refusal to employ that person;

2. termination of that person's employment; or

3. employment related practices, policies, acts, or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

B. The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment related practices described in paragraphs 1, 2 or 3 above is directed.

2. This exclusion applies:

a. whether the insured may be liable as an employer or in any other capacity; and

b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

12.

Bankers avers that there is a justiciable controversy between plaintiff Bankers Insurance Company and the aforenamed defendants, in that the Policy does not provide coverage for the allegations of the petition.

Therefore, under the Federal Declaratory Judgment Act, this court should resolve these coverage issues prior to litigation filed against plaintiff and prior to any judgment rendered against its insured. In the case of an actual controversy, where multiple litigation is likely, declaratory relief is appropriate to determine rights and obligations under an insurance policy.

13.

Bankers Insurance Company therefore prays that this court order that it has no duty to indemnify or defend Kelli McDermott or Metropolitan Gastroenterology Associates, Inc., or any other party, for the allegations claimed in the petition filed by Faith Riggins listed in paragraph 4 herein.

**WHEREFORE**, plaintiff, Bankers Insurance Company, prays for leave to file this Complaint for Declaratory Judgment, that it be served upon all parties to this action, and that this court declares that no indemnity or defense is owed by Bankers Insurance Company to the defendants listed herein, or to anyone else, and for all other and equitable relief.

Respectfully submitted:

**UNGARINO & MALDONADO, LLC**

  **/S/ DAVID I. BORDELON**
**MATTHEW J. UNGARINO (#15061)**
**DAVID I. BORDELON (#16815)**
**3850 North Causeway Blvd., Ste. 1280**
**Metairie, LA  70002**
**Telephone/Fax: (504) 836-7565**
mungarino@ungarino.com
dbordelon@ungarino.com

**CERTIFICATE OF SERVICE**
I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, either by
  x  **electronic delivery**,
  ☐  facsimile, or by
  ☐  United States mail, properly addressed and first-class postage prepaid on the 26th day of April 2021.

  _/s/ DAVID I. BORDELON_
      DAVID I. BORDELON